UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

BOSTON JERMAINE TOMPKINS,

    Plaintiff,

v.

UNKNOWN BARBER et al.,

    Defendants.
_____/

Case No. 1:23-cv-1083

Honorable Ray Kent

## ORDER OF TRANSFER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, though the events giving rise to Plaintiff's action occurred at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan. Plaintiff sues Assistant Deputy Warden Unknown Barber, Sergeants Unknown Riley and Unknown Drake, Captain Unknown Blain, and Corrections Officers N. White, Unknown Tester, and Unknown Vonjer.

In his *pro se* complaint, Plaintiff alleges that Defendants subjected him to a campaign of harassment. Defendants allegedly denied Plaintiff basic hygiene products including toilet paper, soap, toothpaste, and a toothbrush and threatened him with physical harm. Defendants also enlisted other inmates to threaten Plaintiff. Plaintiff alleges that Defendants Drake and Vonjer took him to a back room, commented on the size of his penis, and then threatened to cut off Plaintiff's penis. Finally, Plaintiff states that he was threatened by gang members and that Defendants refused to provide him with protection and instead set him up with a false misconduct.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events underlying the complaint occurred in Gratiot County. Defendants are public officials serving in Gratiot County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Gratiot County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated:   October 18, 2023             /s/ Ray Kent
                                      Ray Kent
                                      United States Magistrate Judge