UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOSTON JERMAINE TOMPKINS,

        Plaintiff,                         Case No. 23-cv-12637
                                                      Hon. Matthew F. Leitman

v.

UNKNOWN BARBER, *et al*.,

        Defendants.

_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Boston Jermaine Tompkins is a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan. On October 12, 2023, Tompkins filed this *pro se* civil-rights action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan. (*See* Compl., ECF No. 1.) Tompkins' action was then transferred to this Court. (*See* Order, ECF No. 3.) In his Complaint, Tompkins brings claims for violations of his Eighth and Fourteenth Amendment rights and state-law negligence arising out of his incarceration at the Central Michigan Correctional Facility ("STF") in St. Louis, Michigan. He sues the following Michigan Department of Corrections ("MDOC") staff members at STF: A.D.W. Barber, Sergeant Riley, Captain Blain, Correctional Officer White, Correctional Officer Tester, Sergeant Drake, and Correctional Officer Vonjer.

Having reviewed Tompkins' Complaint, and for the reasons explained below, the Court dismisses Tompkins' claims against Defendants Riley, Blain, and White pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. However, the Court will allow Tompkins to proceed on his claims against Defendants Barber, Tester, Drake, and Vonjer.

I

On November 29, 2023, the Court granted Tompkins' application to proceed *in forma pauperis* in this action. (*See* Order, ECF No. 9.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil-rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

II

In his Complaint, Tompkins alleges that Defendants subjected him to a campaign of harassment. Defendants allegedly denied Tompkins basic hygiene products including toilet paper, soap, toothpaste, and a toothbrush and threatened him with physical harm after "he was seen conversing with a female staff member." (Compl., ECF No. 1, PageID.2.) Tompkins then alleges that Defendant Barber ordered that he be "snatched" from his bunk and taken to segregation without any explanation. (*Id*.) And he claims that Defendants Drake and Vonjer took him to a back room, commented on the size of his penis, and then threatened to cut off his penis. (*See id.*) Tompkins further alleges that Defendant Tester stated that if he saw Tompkins speaking with the female staff member again, he would "fuck him up." (*Id.*, PageID.6.) Finally, Tompkins says that he was threatened by gang members at the behest of an MDOC staff member and that Defendants issued him a false misconduct ticket instead of providing him protection. (*See id.*, PageID.10-11.)

III

Tompkins' claims against Defendants Riley, Blain, and White must be dismissed because he fails to allege any facts demonstrating their personal involvement in the claimed instances of improper conduct giving rise to the allegations in Tompkins' Complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C.

4

§ 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same). *See also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also* Fed. R. Civ. P. 8(a).

Tompkins has failed to allege that Defendants Riley, Blain, and White personally contributed to the violations alleged in the Complaint. Although Tompkins listed these Defendants in the caption of his Complaint, he did not identify them or explain their roles in the alleged violations in the body of the Complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy Tompkins' basic pleading requirements. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Tompkins has failed to allege with any degree of specificity how each of these Defendants were personally involved in or responsible for each of the alleged violations of his federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th

5

Cir. 2002). Therefore, the Court will dismiss Defendants Riley, Blain, and White from the Complaint.

Finally, the Court concludes that Tompkins' claims against Defendants Barber, Tester, Drake, and Vonjer concerning violations of his Eighth and Fourteenth Amendment rights, and negligence are not subject to summary dismissal. However, nothing in this order precludes those Defendants from filing a motion to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV

For the reasons above, the Court **DISMISSES** Defendants Riley, Blain, and White from this action as they no longer have any valid pending claims for relief against them.

The Court further concludes that Tompkins' claims against Defendants Barber, Tester, Drake, and Vonjer concerning violations of his Eighth and Fourteenth Amendment rights, and negligence survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: January 24, 2024          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 231-5126
